UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Baby Ray Culbreath,               )<br>                                                )<br>                    Plaintiff,        )<br>                                                )<br>  vs.                                        )<br>                                                )<br> Andy Strickland;                    )<br> Jodie Taylor;                           )<br> David S. Matthews;              )<br> Colleton County Sheriff's Office,  )<br>                                                )<br>                    Defendants.  ) | C/A No. 5:15-cv-01281-MGL-KDW<br><br><br>REPORT AND RECOMMENDATION<br>(partial summary dismissal) |

This is a civil action filed pro se by a local detention center detainee. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.   Factual Background

Baby Ray Culbreath ("Plaintiff") is detained at the Colleton County Detention Center. In the Complaint under review, Plaintiff sues Defendants Strickland, Taylor, and the Colleton Sheriff's Department, alleging that he is given inadequate recreation (one hour six days a week and none on the seventh day) at the detention center and that there is inadequate ventilation in the facility and that "black mold" is present in the areas where he is confined. Compl. 3, 4, ECF No. 1. Plaintiff also asserts that he has been subjected to lock-down conditions without provision of the required due-process protections, and that he is being deprived of his right to receive news from outside sources such as television and newspapers in violation of his First Amendment

rights. *Id*. at 4; ECF No. 1-1 at 2. Plaintiff also sues Defendant Matthews, the Colleton County Public Defender, *see* http://thecolletonian.com/mathews-named-new-public-defender-for-colleton-county/ (last consulted April 16, 2015),[1] alleging inadequate legal representation in connection with the criminal charges on which he is detained. ECF No. 1-1 at 1. Plaintiff asks this court to order a Department of Justice investigation of the detention center, the Sheriff's Office, and the Public Defender's Office; to order the pending charges against him dismissed; and to impeach Defendant Strickland from his position as Sheriff. Plaintiff also seeks compensatory damages from all Defendants. *Id*. at 5.

II.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not

---

[1] The proper spelling of this person's last name is "Mathews."

mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

The Complaint should be partially summarily dismissed insofar as it seeks to impose § 1983 liability for constitutional violations against Defendant Matthews (Mathews) based on Plaintiff's allegations that his legal representation has been inadequate. To state a plausible claim for damages under § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961) A defense attorney in criminal court, whether retained, court appointed, or a public defender, does not act under color of state law. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 317-24 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney).

Liberally construing his pro se pleading, what Plaintiff is claiming in his Complaint is that his defense attorney is liable to him for legal malpractice (also known as legal negligence); however, in absence of diversity of citizenship between the parties, such a traditionally state-law-based claim may not considered by this court. *See Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992); *see also DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200-03 (1989) (42 U.S.C. § 1983 does not impose liability for violations of duties

3

of care arising under state law). *Cf. Mitchell v. Holler*, 429 S.E.2d 793 (S.C. 1993) (legal malpractice case heard in state court); *Yarborough v. Rogers*, 411 S.E.2d 424 (S.C. 1991) (same). It is clear from the face of the pleadings that there is no basis on which Plaintiff could assert that there is diversity jurisdiction over his Complaint because Plaintiff and all the Defendants are residents of South Carolina. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978) (diversity of citizenship requires that no party on one side of a case may be a citizen of the same state as any party on the other side). As a result, there is no basis on which this court could exercise its diversity jurisdiction in this case to consider a legal malpractice action between Plaintiff and Defendant Matthews (Mathews).

Additionally, Plaintiff's Complaint fails to state any plausible claim for relief against Defendant Colleton County Sheriff's Office because, to the extent that the allegations may be liberally construed as an official-capacity claim against the Colleton County Sheriff, this Defendant is entitled to Eleventh Amendment Immunity from federal lawsuits such as this one. The State of South Carolina and its governmental agencies are immune from suit in this court under the Eleventh Amendment to the United States Constitution. Immunity from suit under the Eleventh Amendment to the United States Constitution is so well settled that precedents are almost too numerous to cite. *See, e.g.*, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Coll. Savs. Bank v. Fla. Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999). The United States Court of Appeals for the Fourth Circuit has considered the role of sheriffs in the state of South Carolina and has specifically determined that, in their official capacities, South Carolina's sheriffs are immune from federal lawsuits seeking damages and/or retrospective injunctive relief as agents of the government of South Carolina. *See Cromer v. Brown*, 88 F.3d 1315 (4th Cir. 1996) (South Carolina sheriffs are arms of the state and entitled to

Eleventh Amendment immunity from a claims for damages in their official capacity); *Drake v. Ham*, No. 3:06-1611-MJP, 2007 WL 2580629, at * 5 (D.S.C. Aug. 16, 2007) (same).

Also, no plausible constitutional claim under 42 U.S.C. § 1983 is stated against Defendant Colleton County Sheriff's Office because it is not a "person" who may be sued under that statute.[2] It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." *See* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). To the extent Plaintiff's claim is against the physical Sheriff's Office, the Sheriff's Office is a room in a building or facility, and several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Thus, because Plaintiff fails to state a plausible § 1983 claim against the Sheriff's Office, the Complaint should be partially summarily dismissed insofar as it seeks to impose liability on this Defendant.

---

[2] Plaintiff's claims for damages and other relief allegedly arising from the conditions of his confinement within a South Carolina county detention center are properly considered by this court under its federal-question jurisdiction pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added). No other viable basis for the exercise of this court subject-matter jurisdiction over Plaintiff's allegations is evident from the face of the Complaint.

Finally, the Complaint should be partially summarily dismissed insofar as it seeks relief in the form of impeachment of Defendant Strickland from his position as Colleton County Sheriff and dismissal of the criminal charges that are currently pending against Plaintiff. This court cannot direct the State of South Carolina or Colleton County to impeach or otherwise terminate Defendant Strickland's employment. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n.2 (D.S.C. 1980) (a federal district court lacks inherent power to hire or remove officials not within the executive control of that federal district court). Also, under *Younger v. Harris*, 401 U.S. 37 (1971), this court cannot order the state court in Colleton County to dismiss the criminal charges that are pending against Plaintiff. *Younger* and other cases hold that, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See, e.g., Younger*, 401 U.S. at 44; *Nivens v. Gilchrist*, 319 F.3d 151, 154-55 (4th Cir. 2003); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). If this court were to grant the relief sought, it would be required to enjoin the state-court proceedings against Plaintiff, and *Younger*, *Nivens*, and *Cinema Blue* and its progeny prohibit such a result.

IV.     Recommendation

Accordingly, because the noted defects in Plaintiff's pleading cannot be corrected through amendment, it is recommended that the district court partially summarily dismiss the Complaint in this case *with prejudice* insofar as it seeks to impose any liability for relief against Defendants Matthews (Mathews) or Colleton County Sheriff's Office.

It is further recommended that the Complaint be partially summarily dismissed *with prejudice* insofar as it seeks relief in the form of impeachment of Defendant Strickland or dismissal of the criminal charges now pending against Plaintiff.

It is further recommended that the Complaint be served on Defendants Strickland and

Taylor and that they be directed to respond only to Plaintiff's allegations of unconstitutional conditions of confinement at the Colleton County Detention Center. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

      IT IS SO RECOMMENDED.

April 20, 2015                                                       Kaymani D. West
Florence, South Carolina                             United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).