

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| BABY RAY CULBREATH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 5:15-01281-MGL |
| | § | |
| | § | |
| ANDY STRICKLAND; JODIE TAYLOR; | § | |
| DAVID S. MATTHEWS; and | § | |
| COLLETON COUNTY SHERIFF'S OFFICE, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## AND PARTIALLY DISMISSING THE COMPLAINT

This case was filed as a 42 U.S.C. § 1983 action. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court that: the Complaint be partially summarily dismissed with prejudice insofar as it seeks to impose any liability for relief against Defendants Matthews (Plaintiff's Public Defender) or the Colleton County Sheriff's Office; the Complaint be partially summarily dismissed with prejudice insofar as it seeks relief in the form of impeachment of Defendant Strickland (Sheriff of Colleton County) or dismissal of the criminal charges now pending against Plaintiff; and the Complaint be served on Defendants Strickland and Taylor and that they be directed to respond only to Plaintiff's allegations of unconstitutional conditions of confinement at the Colleton County Detention Center.

The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 20, 2015, but Plaintiff failed to file any objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that the Complaint is **PARTIALLY SUMMARILY DISMISSED WITH PREJUDICE** insofar as it seeks to impose any liability for relief against Defendants Matthews or the Colleton County Sheriff's Office; the Complaint is **PARTIALLY SUMMARILY DISMISSED WITH PREJUDICE** insofar as it seeks relief in the form of impeachment of Defendant Strickland or dismissal of the criminal charges now pending against Plaintiff; and the Complaint **SHALL BE SERVED** on Defendants Strickland and Taylor and that they are hereby **DIRECTED TO**

2

**RESPOND** only to Plaintiff's allegations of unconstitutional conditions of confinement at the Colleton County Detention Center.

**IT IS SO ORDERED**.

Signed this 25th day of June, 2015, in Columbia, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.